## LETTELIER v. MANN et al.

### (Circuit Court, S. D. California. January 30, 1899.)

### No. 698.

1. PATENTS—PUBLIC USE—WHAT CONSTITUTES.

The use of a machine for profit, not experiment, and particularly where it is exposed to the view of persons other than the inventor and his employés, pledged or enjoined to secrecy, constitutes a public use, within the meaning of the patent law.

2. SAME—BURDEN AND MEASURE OF PROOF.

Where public use for more than two years is alleged to defeat a patent, and use for the requisite length of time is shown, and met only by the allegation that the use was not public, but for the purpose of perfecting an incomplete invention, such allegation must be sustained by the patentee by proof that is full, unequivocal, and convincing.

3. SAME.

Proof that the patentee and his partner for more than two years prior to the application for a patent used a number of machines, essentially the same as the one patented in their business, for the common profit of the firm, and that a number of employés of the partnership, not enjoined to secrecy, as well as complainant's partner, saw such machines in operation, is sufficient to establish a public use which will defeat the patent.

4. SAME.

The meaning of the term "public use," as used in the patent law, is limited to a use in the ordinary way as distinguished from an experimental use, and it is not necessary that more than one person should have known of such use.

5. SAME—IMPROVEMENTS OF INVENTION AFTER PUBLIC USE.

Improvements in a machine which are not of the substance of the patent, and do not add anything patentable to it, will not avoid the invalidating effect of a prior public use.

6. SAME—BOX MACHINES.

The Lettelier patent, No. 549,375, for an improvement in box machines, is void on account of the prior public use of the machine.

This was a suit in equity by John G. Lettelier against William Mann and others for an alleged infringement of a patent.

H. C. Dillon, for complainant.

James E. Knight and C. K. Holloway, for defendants.

WELLBORN, District Judge. Suit to restrain, and to recover damages on account of, alleged infringements of a patent (No. 549,375) on an improvement in box machines. Among the defenses to the suit is that of prior public use. It appears from the evidence that several machines, made up of the same constituent parts, operated upon the same principle, and producing the same results, as the one covered by the patent mentioned in the bill, were used by the Los Angeles Box Company earlier than two years before said patent was applied for. Complainant, however, contends that said use was not a public use. On this point the law, as I understand it, is that where a machine is used for profit, not experiment, and particularly where it is exposed to the view of persons other than the inventor and his employés, pledged or enjoined to secrecy, such use is a public use. Perkins v. Paper Co., 2 Fed. 451; Egbert v. Lippmann, 104 U. S. 333; Henry v. Soapstone Co., 2 Fed. 78; Manufacturing Co. v. Sprague, 123 U. S.

249, 8 Sup. Ct. 122. See, also, Manufacturing Co. v. Mellon, 7 C. C. A. 439, 58 Fed. 707, cited by complainant. The character and degree of evidence necessary to prevent a prior use from invalidating a patent have been stated by the supreme court of the United States as follows:

"In considering the evidence as to the alleged prior use for more than two years of an invention, which, if established, will have the effect of invalidating the patent, and where the defense is only met by the allegation that the use was not a public use in the sense of the statute, because it was for the purpose of perfecting an incomplete invention by tests and experiments, the proof on the part of the patentee, the period covered by the use having been clearly established, should be full, unequivocal, and convincing." Manufacturing Co. v. Sprague, supra.

The evidence in the case at bar, so far from being "full, unequivocal, and convincing" in favor of the complainant, is, to my mind, conclusive against him, because it shows that the use in 1887 and 1888 of the machines in question by the Los Angeles Box Company was not experimental, but for profit, and, furthermore, that during said years the employés who operated said machines were not cautioned as to secrecy; and, besides, the machines were exposed to the view of persons other than complainant and said employés. The Los Angeles Box Company, according to complainant's own testimony, was during the years 1887 and 1888 a partnership composed of himself and one D. Gager Peck, and manufactured 400,000 boxes in the former year, and 800,000 boxes in the latter year, using about 10 of said machines, and employing several operatives. Complainant's testimony as to these matters is as follows:

"Q. Did you attach the tin strips to the boxes which you manufactured in 1885 by means of a machine? A. I did. Q. How was this machine constructed? (Objected to for the reasons last stated.) A. The principle was the same as the machine we use to-day. * * * Q. In what respects did they differ? A. The pendulum lever was increased in weight. The jaws were changed some. Q. Were there any other differences? A. Not any that I think worthy of mention. * * * Q. Then, if I understand you correctly, the machine shown in your patent of 1895 has been used by you continuously since the year 1887? A. It has. Q. How many employés had you in your business in the year 1889? A. Somewhere from ten to fifteen. Q. How many during the years '86, '87, and '89? A. They have increased some two or three hands a year. Q. How many of these machines for securing the tin binding strip upon the boxes did you use during the year 1885? A. Five or six. Q. How many in '86? A. Five or six. Q. How many of the improved machines, like your patent of 1895 did you use in your business in the year 1887? A. I think about ten."

I am satisfied from all the evidence in the case that persons other than complainant, his partner, and their employés had opportunities to see, and one or more of them did see, said machines while in operation. But, if this were not so, it is certain that complainant's partner, D. Gager Peck, had free access to said machines; and the law has been declared thus:

"To constitute public use, it is not necessary * * * that more than one person should have known of that use." Walk. Pat. § 94, and notes 7 and 8; Worley v. Tobacco Co., 104 U. S. 340.

Although it may be different as to employés, the fact that Peck was a member of the firm known as the Los Angeles Box Company,

so far from making the use private, indelibly stamps it as public, by showing that the machines were used for the common profit of both partners, and not experimentally by complainant. In Henry v. Soapstone Co., supra, the court says:

"The courts very properly limit the meaning of 'public use' to a use in the ordinary way, and they may so limit the word 'sale,' if they can ever be persuaded of the fact; but, whether use or sale, that particular transaction must be experimental, or it is within the forfeiture of the statute."

Complainant's application for his patent was made January 5, 1891; so that the prior use must have been, and, as I have already shown, was, before January 5, 1889.

The improvements, which complainant made in the machine in 1890, namely, increased weight to the pendulum lever, and some changes about the jaws, are not of the substance of the patent, nor did they add anything patentable to the machine; and consequently they do not save the patent from the invalidating effect of the prior public use to which I have adverted. Manufacturing Co. v. Sprague, supra; Machine Co. v. Hargett, 28 Fed. 567; United States Electric Lighting Co. v. Edison Lamp Co., 51 Fed. 24.

Complainant's objections to the evidence of prior use, on the ground of irrelevancy, are not well taken. The answer of defendants, in its fourteenth subdivision, pleads expressly complainant's prior use of the machine at Los Angeles, Cal.

The above rulings render it unnecessary for me to pass upon the other issues raised by the pleadings, and discussed in the briefs of the parties. A decree dismissing the bill will be entered.